```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

| | |
|---|---|
| HOLTEC INTERNATIONAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>PREFERRED METAL TECHNOLOGIES, INC.,<br><br>　　　　Defendant/Third-Party<br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT, f/k/a OVERNITE TRANSPORTATION,<br><br>　　　　Third-Party Defendant. | Civil No. 09-274 (RMB/AMD) |

## **AMENDED SCHEDULING ORDER**

　　　　This Scheduling Order confirms the directives given to counsel during the telephone status conference on April 23, 2010; and the Court noting the following appearances: Steven K. Kudatzky, Esquire, appearing on behalf of the plaintiff; Scott L. Haworth, Esquire, appearing on behalf of Preferred Metal Technologies, Inc.; and Thomas C. Martin, Esquire, appearing on behalf of UPS Ground Freight, Inc.; and for good cause shown:

　　　　IT IS this **23rd** day of **April 2010**, hereby **ORDERED**:

　　　　1.　The Court will conduct a telephone status conference on **September 10, 2010 at 10:30 A.M.**.  Counsel for plaintiff shall initiate the telephone call.

　　　　2.　Pretrial factual discovery is hereby extended to **September 30, 2010.**  All pretrial discovery shall be concluded by that date.  All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

3.  **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

4.  **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

5. All affirmative expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) shall be served upon counsel not later than **September 30, 2010**. All rebuttal expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) shall be served upon counsel not later than **November 1, 2010**. Each such report should be accompanied by the <u>curriculum vitae</u> of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

The parties shall reserve their rights to conduct depositions of proposed expert witnesses until after the arbitration process or by leave of the Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and <u>Teen-Ed v. Kimball International, Inc.</u>, 620 F.2d 399 (3d Cir. 1980).

6.  **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **November 12, 2010**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

7.  **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1  The Clerk will advise counsel of the time and place of arbitration.  By copy of

this Order, the Clerk will be requested to schedule the arbitration for a date in **December 2010.**

       8.  **Joint Final Pretrial Order.**  If counsel petitions for a trial de novo after arbitration, the date for submission of the Joint Final Pretrial Order will be scheduled and the date for trial will be set.

       9.  **Extensions of Time.**  There will be no further extensions of the deadlines set forth in this Order without good cause shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                          s/ Ann Marie Donio  
                                          ANN MARIE DONIO  
                                          United States Magistrate Judge

cc:   Hon. Renée Marie Bumb  
      James Quinlan, Arbitration Clerk