**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
Attorneys for Third-Party Defendant,
UPS Ground Freight, Inc. d/b/a UPS
Freight, f/k/a Overnite Transportation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

HOLTEC INTERNATIONAL CORPORATION,
a Delaware Corporation,

        Plaintiff,

   (RMB)(AMD)

   v.

PREFERRED METAL TECHNOLOGIES, INC.,
an Illinois Corporation,

        Defendant.

Civil Action No.:
09-cv-274

---

PREFERRED METAL TECHNOLOGIES, INC.,

        Third-Party Plaintiff,
   v.

UPS GROUND FREIGHT, INC., d/b/a UPS
FREIGHT, f/k/a OVERNITE
TRANSPORTATION,

        Third-Party Defendant.

---

**BRIEF OF THIRD-PARTY DEFENDANT,
UPS GROUND FREIGHT, INC.
IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF PREFERRED METAL
TECHNOLOGIES, INC. SUBMITTED IN OPPOSITION TO UPS GROUND
FREIGHT, INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED.R.CIV.P. 56(e)**

We represent the Third-Party Defendant, UPS Ground Freight, Inc. d/b/a UPS Freight, f/k/a Overnite Transportation ("Third-Party Defendant") and we respectfully submit the foregoing in support of Third-Party Defendant's Motion to Strike Affidavit of Timothy Stewart [Docket Entry # 49-4] of Preferred Metal Technologies, Inc. Submitted in Opposition to UPS Ground Freight, Inc.'s Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56 (e) ("Motion to Strike").

A party must move to strike a defective, non-confirming, or non-competent affidavit submitted pursuant to Fed.R.Civ.P. 56, otherwise Rule 56 defects are deemed waived. See In re Unisys Savings Plan Litigation, 74 F.3d 420, 437 n. 12 (3rd Cir. 1996), cert. denied, 519 U.S. 810, (1996). (party waived objection to form of affidavit by failing to move to strike or otherwise object) This is the rationale for this Motion to Strike.

The Affidavit submitted by Timothy Stewart of Preferred Metal Technologies, Inc. ("Third-Party Plaintiff") [Docket Entry # 49-4] in opposition to Third-Party Defendant's Motion for Summary Judgment is not competent evidence pursuant to Fed.R.Civ.P. 56. It contains conclusory, self-serving statements, including a conclusory statement that it paid an additional cost for

the shipment without specifying the basis for the statement, and without attaching any proof documents. Such a conclusory statement is insufficient to withstand a motion for summary judgment, as it fails to meet the requirements of Rule 56(c).

Rule 56(c) states:

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An "affiant must ordinarily set forth facts, rather than opinions or conclusions.

An affidavit that is "'essentially conclusory' and lacking in specific facts" is inadequate to satisfy the movant's burden." Maldonado v. Ramirez, 757 F.2d 48, 51 (3rd cir. 1985), citing Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 789-90 (3rd Cir. 1978).

Here, Third-Party Plaintiff has set forth a conclusory statement that it paid additional costs for shipping. See Affidavit of Timothy Stewart [Docket Entry # 49-4]. It sets forth no facts to support this statement, nor does it attach any document(s) to support the statement. See Affidavit of Timothy Stewart [Docket Entry # 49-4]. Fed.R.Civ.P. 56(e) requires that where a contention is based upon a document, the document must be attached to the affidavit making the assertion. See Fed.R.Civ.P. 56(e); Cowgill v. Raymark Industries, Inc., 780 F.2d 324, 326 (3rd Cir. 1986) (Explaining Fed.R.Civ.P. 56(e)).

Having failed to produce any documents to support the contention PMT paid a higher freight rate as alleged in the Affidavit of Timothy Stewart [Docket Entry # 49-4], at the very least, that part of the Affidavit must be stricken. No documents are identified or produced by Timothy Stewart

[Docket Entry # 49-4] in support of the allegation. There is no freight bill submitted, no invoice, no e-mail or record of any kind submitted. Based upon the foregoing and upon the straightforward application of Fed.R.Civ.P. 56(e) and the aforementioned cases, Affidavit of Timothy Stewart [Docket Entry # 49-4], should be stricken.

Respectfully submitted,

NOWELL AMOROSO KLEIN BIERMAN, P.A.
*Attorney for*
*Third-Party Defendant,*
UPS Ground Freight, Inc.
d/b/a UPS
Freight, f/k/a
Overnite Transportation

By: /s/ Thomas C. Martin
Thomas C. Martin

Dated: January 24, 2011