HAWORTH COLEMAN & GERSTMAN, LLC
45 Broadway, 21st Floor
New York, New York 10006
Telephone: (212) 952-1100
Facsimile:  (212) 952-1110
Attorneys for Defendant/Third-Party Plaintiff
PREFERRED METAL TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x
HOLTEC INTERNATIONAL CORPORATION,
a Delaware corporation,

                                    Plaintiff,

-against-

PREFERRED METAL TECHNOLOGIES, INC.,
an Illinois corporation,

                                   Defendant.
-------------------------------------------------------------x
PREFERRED METAL TECHNOLOGIES, INC.,

                          Third-Party Plaintiff,

-against-

UPS GROUND FREIGHT, INC., d/b/a UPS
FREIGHT, f/k/a OVERNITE
TRANSPORTATION,

                          Third-Party Defendant.
-------------------------------------------------------------x

Civil Action No.: 09-CV-274
(RMB/AMD)

MOTION DATE: FEBRUARY 22, 2011

**(Oral Argument Requested)**

**BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT UPS GROUND FREIGHT, INC.'S MOTION FOR SUMMARY JUDGMENT**

On the Brief:

    Scott Haworth, Esq.
    Abigail Bowen, Esq.

**Table of Contents**

**Background** ................................................................................................................................ 1

**Argument** .................................................................................................................................... 2

    I.    Mr. Stewart Has Personal Knowledge Of All Facts Related To The Shipment Of The RackSavers. .................................................................................................................... 2

**Conclusion** ................................................................................................................................. 5

## **Table of Authorities**

**Cases**

Cowgill v. Raymark Industries, Inc.,
 780 F.2d 324 (3d Cir. 1985)................................................................................................... 4

Liotta v. Nat'l Forge Co.,
 629 F.2d 903 (3d Cir. 1980)................................................................................................... 3

Maldonado v. Ramirez,
 757 F.2d 48 (3d Cir. 1985).................................................................................................. 3, 4

Peterson v. U.S.,
 694 F.2d 943 (3d Cir. 1982)................................................................................................... 4

U.S. for Use of Kolton v. Halpern,
 260 F.2d 590 (3d Cir. 1958)................................................................................................... 4

**Statutes**

Fed. R. Civ. P. 56............................................................................................................... 2, 3, 4
Loc. Civ. R. 7.2(a) .................................................................................................................. 3, 4

Defendant/Third-Party Plaintiff Preferred Metal Technologies, Inc. ("PMT") submits this brief in opposition to third-party defendant UPS Ground Freight, Inc., d/b/a UPS Freight, f/k/a Overnite Transportation's ("UPS") Motion to Strike.  UPS's motion should be denied as it is nothing more than a thinly veiled attempt to distract the court from the obvious fact that UPS failed to fulfill its obligation to ship the RackSavers by "exclusive use."  This was a material term of the shipping agreement, for which PMT paid a premium.  Contrary to UPS's assertions, Tim Stewart is a witness with personal knowledge of the terms of the shipping agreement, and, as such, all statements contained within his Affidavit comply with both the Federal Rules of Civil Procedure and the Local Civil Rules.

Notably, the only fact in Mr. Stewart's Affidavit that UPS contests is that PMT paid a premium for exclusive use shipping.  UPS does not contest any other facts contained therein.  Accordingly, the remainder of the facts in Mr. Stewart's Affidavit should be accepted as uncontested by the court.

**Background**

Mr. Stewart is the Vice President of PMT and co-designer of the RackSaver System.  See Affidavit of Timothy Stewart, dated December 20, 2010, attached as Ex. "B," to Scott Haworth's Declaration in Opposition to Summary Judgment ("Haworth Dec.").  He has been employed by PMT for sixteen years.  See id.  As Vice President and co-designer of the RackSaver System, he is fully familiar with all aspects of the products manufactured by PMT, as well as the supply of those products to PMT's customers.  See id.  Significantly, he was directly in charge of the project manager for the transaction at issue in this litigation.  See id.  Thus, clearly he is a witness with more than sufficient personal knowledge to attest to the terms of PMT's shipment with UPS.

Furthermore, UPS's statement that there is no documentary evidence in the record evidencing Mr. Stewart's knowledge of the extra charge is patently false. Mr. Stewart was generally copied on or the author of the correspondence from PMT to UPS delineating the problems with the shipment and resulting damage. See Haworth Dec. at Ex. "D," "F-G," and "J-L." This correspondence clearly states: "We chose not to ship these sixteen foot long crates by common carrier due to the risk of damage in terminal handling and **were willing to pay the additional cost for a exclusive use truck … if PMT was willing to pay Overnite a premium for the exclusive service in the first place**, Overnight should be willing to provide that service on the return … ." See Correspondence, dated December 13, 2005, attached as Ex. "G," to Haworth Dec.; see also Correspondence, dated July 31, 2006, attached as Ex. "J," to Haworth Dec. ("Overnite Transportation submitted a price to PMT for exclusive use trucking, accepted our purchase order for exclusive use trucking and then shipped our two crates as mixed cargo.").

Thus, UPS's statement that Mr. Stewart does not have sufficient knowledge to attest to the terms of the shipment is completely unsubstantiated and contradicted by the record. It is also worth noting that UPS's arguments concerning lack of documentary evidence are wholly disingenuous, given the fact that it has not produced a single document in this case and their own affidavits are rife with unsupported factual statements. Furthermore, the only reason that PMT is relying on an affidavit, as opposed deposition testimony, is that UPS chose to move for summary judgment prior the completion of discovery.

**Argument**

I. **Mr. Stewart Has Personal Knowledge Of All Facts Related To The Shipment Of The RackSavers.**

Fed. R. Civ. P. 56(c) provides in pertinent part:

> (1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

2

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, **affidavits** or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;
>
> ***
>
> (4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion **must be made on personal knowledge**, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

(emphasis added); see also Loc. Civ. R. 7.2(a) ("Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant."). Here, UPS fails to state any basis whatsoever for its claim that Mr. Stewart does not have the requisite knowledge. Rather, it simply states, inaccurately, that there are no facts or documents to support the contention that PMT paid a premium for shipment by "exclusive use." As noted above, Mr. Stewart was integrally involved in the shipment of the RackSavers and subsequent claim to UPS resulting from their total disregard for the shipping terms. On this basis, his sworn Affidavit as to the fact that PMT paid a premium for "exclusive use" is sufficient. See Liotta v. Nat'l Forge Co., 629 F.2d 903, 907 (3d Cir. 1980) (holding that employee's affidavit, which alleged that company discharged him in retaliation for his activities in support of black employees' rights, did, in fact, comply with Fed. R. Civ. P. 56, since it "set forth specific facts" and was made on personal knowledge); see also U.S. for Use of Kolton v. Halpern, 260 F.2d 590, 591 (3d Cir. 1958) (affirming summary judgment where affidavit in support was "categorically supported by facts stated specifically on personal knowledge").

The cases cited by UPS in support of its contention that Mr. Stewart's Affidavit is conclusory, Maldonado v. Ramirez, 757 F.2d 48 (3d Cir. 1985), is simply not instructive here. In Maldonado, the court held that the affidavit at issue there, made by defendant's counsel, was

insufficient, as it was "based only on conjecture," since the affiant had no personal knowledge of the relevant facts. Id. at 51. By contrast, in the instant matter, Mr. Stewart's Affidavit is not based on conjecture; indeed, he is swearing to his own personal knowledge about a transaction in which he was directly involved.

Similarly, UPS's proposition that Mr. Stewart's Affidavit is improper without documentary support is incorrect. Fed. R. Civ. P. 56 and Loc. Civ. R. 7.2(a) require simply that an affiant have personal knowledge of the facts to which he avers. Here, Mr. Stewart not only has the requisite personal knowledge of the fact challenged by UPS, regardless of any further support, but it is also supported by the correspondence cited above. Furthermore, Fed. R. Civ. P. 56(e) simply sets forth the relief that a court may provide if a party fails to "properly support or address a fact." There is nothing within this provision relating to the attachment of documents to affidavits.

It is wholly unclear why UPS cites Cowgill v. Raymark Industries, Inc., 780 F.2d 324, 326 (3d Cir. 1985). In that case, the court merely cites, in a footnote, to Peterson v. U.S., 694 F.2d 943, 945 (3d Cir. 1982), a case which discusses an affidavit that referred to a specific document, but neglected to attach said document. As was fully set forth above, not only is Mr. Stewart's Affidavit based on personal knowledge, rather than documents, but documents supporting his personal knowledge were attached to PMT's opposition to UPS's motion for summary judgment. Accordingly, neither Peterson nor Cowgill has any bearing on the instant.

As discussed at length above, Mr. Stewart's statement regarding PMT's payment of a premium for "exclusive use" is based upon his direct involvement in the transaction. Mr. Stewart's personal knowledge is clearly evidenced by the fact that he was a party to multiple

4

correspondences reporting the claim and, as supervisor of the project manager, he was privy to all aspects of the delivery of the RackSavers to FP&L – facts that UPS completely ignores.

As such, UPS's motion is completely meritless.

## Conclusion

Based upon the foregoing, PMT respectfully requests that this Court deny UPS's motion to strike in its entirety.

Dated:  February 4, 2011

Respectfully Submitted,

Scott Haworth (SH 5890)
Abigail Bowen (AB 1046)
HAWORTH COLEMAN & GERSTMAN, LLC
45 Broadway, 21st Floor
New York, New York 10006
Telephone: (212) 952-1100
Facsimile:  (212) 951-1110
Attorneys for Defendant/Third-Party Plaintiff
Preferred Metal Technologies, Inc.

5

**CERTIFICATE OF SERVICE**

I, Scott Haworth, hereby certify and affirm that a true and correct copy of the attached defendant/third-party plaintiff Preferred Metal Technologies, Inc.'s **BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT UPS GROUND FREIGHT, INC.'S MOTION FOR SUMMARY JUDGMENT,** was served via federal express on this 4th day of February, 2011, upon the following:

> Thomas C. Martin, Esq.
> Nowell Amoroso Klein Bierman
> 155 Polifly Road
> Hackensack, New Jersey 07601
>
> Steven Kudatzky, Esq.
> Steven Kudatzky Chartered
> 6000 Sagemore Drive, Suite 6301
> Marlton, NJ 08053

Dated:  February 4, 2011

_____
Scott L. Haworth (SH-5890)