**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
155 Polifly Road
Hackensack, NJ 07601
(201) 343-5001
Attorneys for Third-Party Defendant,
UPS Ground Freight, Inc. d/b/a UPS
Freight, f/k/a Overnite Transportation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

HOLTEC INTERNATIONAL CORPORATION,
a Delaware Corporation,

       Plaintiff,

   v.

PREFERRED METAL TECHNOLOGIES, INC.,
an Illinois Corporation,

       Defendant.

Civil Action No.:
09-cv-274
(RMB)(AMD)

---

PREFERRED METAL TECHNOLOGIES, INC.,

       Third-Party Plaintiff,
   v.

UPS GROUND FREIGHT, INC., d/b/a UPS
FREIGHT, f/k/a OVERNITE
TRANSPORTATION,

       Third-Party Defendant.

---

<u>BRIEF OF THIRD-PARTY DEFENDANT,
UPS GROUND FREIGHT, INC.
IN RESPONSE TO PREFERRED METAL TECHNOLOGY, INC.'S
OPPOSITION AND IN FURTHER SUPPORT OF UPS GROUND FREIGHT,
INC.'S MOTION TO STRIKE AFFIDAVIT SUBMITTED IN OPPOSITION
TO UPS GROUND FREIGHT, INC.'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED.R.CIV.P. 56(e)</u>

As the Court is aware, we represent Third-Party Defendant, UPS Ground Freight, Inc. d/b/a UPS Freight, f/k/a Overnite Transportation ("UPS Freight").

This Brief is respectfully submitted in response to the opposition of Defendant/Third-Party Plaintiff, Preferred Metal Technologies, Inc. ("PMT") and in further support of UPS Freight's Motion to Strike the Affidavit of Timothy Stewart [Docket Entry No.: 49-4] (the "Stewart Affidavit").

The Stewart Affidavit was submitted by PMT in Opposition to UPS Freight's Motion for Summary Judgment. The matter pertains to only the narrow issue of the released rate limitation of liability of $5,600.00.

PMT's opposition to our motion to strike appears to miss the point. PMT only argues in opposition the Stewart Affidavit is based on the affiant's personal knowledge. But more is required under the Federal Rules. Whether Mr. Stewart has personal knowledge is not the issue.

Instead, Fed. R. Civ. P. 56(e) requires that where a contention is based upon a document, the document must be attached to the affidavit making the assertion.

Contrary to the Federal Rules, no documents or back up were produced by PMT to support the statement that PMT paid additional costs for shipping via "exclusive use." PMT attached no check, no bank statement, no freight bill, no

receipt or other writing to prove the mere allegation it paid an extra freight charge. Simply put, such back up in writing is required under the Federal Rules. Because it was not attached, the Stewart Affidavit is not competent on that point and should be stricken.

PMT's opposition papers only quote from documents prepared by PMT in December 2005 and July 2006, which is <u>after</u> the shipment. There is no dispute that as per the Bill of Lading, the shipment at issue occurred in November 2005. PMT cannot unilaterally change the terms of the shipment by pointing to letters submitted to UPS Freight <u>after</u> the fact.

The Bill of Lading controls. The Bill of Lading is attached to UPS Freight's Motion for Summary Judgment [Docket Entry No: 45]. The PMT Bill of Lading does not state "exclusive use" or that PMT paid an additional charge for exclusive use. Consequently, "exclusive use" is not part of the contract. <u>See</u> e.g., <u>Wallace Steel, Inc. v. Ingersoll-Rand Co.</u>, 739 F.2d 112 (2d Cir. 1984) and <u>Kansas City Southern Railway Co. v. Carl</u>, 227 U.S. 639 (1913).

PMT cannot assert a fact in the Stewart Affidavit about exclusive use or an extra freight charge. Here, the PMT created Bill of Lading does not say "exclusive use" or that a higher rate was charged.

The Stewart Affidavit is trying to change the terms of the Bill of Lading after the fact and read into the Bill of Lading as if it said "exclusive use" or that a higher rate was charged. It does not. The Stewart Affidavit cannot change that fact through Mr. Stewart's mere statement and try to create a question where none exists in opposition to UPS Freight's Motion for Summary Judgment. No document is attached to the Stewart Affidavit, as there must be under the Federal Rules, to create a question or to contravene the face of the Bill of Lading.

There is no dispute over the authenticity of the PMT Bill of Lading, the PMT letters, the Tariff or the other documents submitted in connection with the Motion for Summary Judgment or this Motion to Strike.

The Stewart Affidavit makes an unsupported assertion about the terms of the PMT Bill of Lading. Nevertheless, contrary to the Stewart Affidavit, the Bill of Lading, on its face, does not say "exclusive use" or that PMT paid an additional freight charge.

The Federal Rules do not permit PMT to create an issue of fact, much less one that is "genuine," in opposition to a motion for summary judgment, where, as here, the assertion in the Affidavit is contrary to the Bill of Lading and provides no supporting documents.

The Stewart Affidavit cannot contradict the Bill of Lading and try to create a question of fact in opposition to only a portion of UPS Freight's motion for summary judgment. No documents were attached to the Stewart Affidavit to contradict the Bill of Lading. As a consequence, PMT cannot surpass the required threshold of Fed. R. Civ. P. 56. Even if PMT did have a document that contradicted the Bill of Lading, which it does not, it is doubtful PMT could rely on it.

For example, in Kansas City Southern Railway Co. v. Carl, 227 U.S. 639 (1913), the United States Supreme Court rejected contentions by shippers like PMT that the Bill of Lading does not control or that it can be changed orally. The Bill of Lading is the contract. To allow a mere statement to contradict the written terms of the Bill of Lading is improper because it "would both encourage and reward undervaluations, and bring about preferences and discriminations prohibited by law. Such a result would neither be just nor conducive to sound morals or wise policies." Id. at 652.

The Stewart Affidavit's suggestion of "exclusive use" is narrow and only goes to the limited issue of the amount of the damages as per the limitation of liability in the Tariff. The Stewart Affidavit does not affect the fact PMT

failed to assert a timely claim and failed to bring a Complaint within the required time period. The PMT Bill of Lading controls and it does not state as a term or condition "exclusive use" and by the Federal Rules and law, <u>Kansas City Southern Railway Co.</u>, <u>supra</u>, PMT cannot substitute the Stewart Affidavit in an effort to try to create a question of fact to oppose only one segment of the UPS Freight motion for summary judgment.

Regarding discovery, PMT failed to answer UPS Freight's discovery and failed to appear in response to our notice for deposition. <u>See</u> Declaration of Counsel, filed in connection with UPS Freight's Motion for Summary Judgment [Docket Entry No.: 56]. Therefore, we respectfully disagree with PMT's contention "the only reason PMT is relying on an affidavit, as opposed to deposition testimony, is that UPS chose to move for summary judgment prior to the completion of discovery." <u>See</u> PMT's Opposition Brief, page 2.

Discovery was only extended <u>after</u> our motion for Summary Judgment was filed and even then because a representative of the Plaintiff, Holtec, not PMT, was experiencing a health related issue. Our motion for Summary Judgment was filed on November 17, 2010 [Docket Entry No. 45]. Discovery had expired and then was extended

about a month later on December 14, 2010 [Docket Entry No.: 48], almost a month after our Motion for Summary Judgment was filed.

Moreover, PMT failed to produce a witness in response to our deposition notice. See Declaration of Counsel, filed in connection with UPS Freight's Motion for Summary Judgment [Docket Entry No.: 56].

Nevertheless, none of that has anything to do with the Motion for Summary Judgment. No one disputes the authenticity of the documents produced via Rule 26 disclosures or documents attached to the papers in support of and in opposition to the UPS Freight Motion for summary judgment. PMT's attempt to make a contest now on the issue of discovery is meaningless because our Motion for Summary Judgment is based on documents which are not in dispute. As set forth fully at length in our motion for Summary Judgment, we contend PMT's documents fail to meet the requirements of a "Claim" or were otherwise filed out of time.

Based upon the foregoing, the Affidavit of Timothy Stewart [Docket Entry # 49-4], should be stricken.

> Respectfully submitted,
>
> NOWELL AMOROSO KLEIN BIERMAN, P.A.
> *Attorney for Third-Party Defendant,* UPS Ground Freight, Inc. d/b/a UPS Freight, f/k/a Overnite Transportation
>
> By: /s/Thomas C. Martin
> Thomas C. Martin

Dated: February 15, 2011