IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| HOLTEC INTERNATIONAL CORPORATION, | : | |
| Plaintiff, | : | Civil No. 09-274 (RMB/AMD) |
| v. | : | |
| PREFERRED METAL TECHNOLOGIES, INC., | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| UPS GROUND FREIGHT, INC., d/b/a UPS FREIGHT, f/k/a OVERNITE TRANSPORTATION, | : | |
| Third-Party Defendant. | : | |

**AMENDED SCHEDULING ORDER
AND ORDER ON INFORMAL APPLICATION**

This Matter having come before the Court by way of letter request dated April 6, 2011 from Steven K. Kudatzky, Esquire, counsel for plaintiff, for an Order extending discovery; and the Court having conducted a telephone conference on April 26, 2011, with Steven Kudatzky, Esquire, appearing on behalf of the plaintiff; Abigail Bowen, Esquire, appearing on behalf of Preferred Metal Technologies, Inc.; and Thomas C. Martin, Esquire, appearing on behalf of UPS Ground Freight, Inc.; and for good cause shown:

IT IS this **27th** day of **April 2011**, hereby **ORDERED**:

1.  The Court will conduct a telephone status conference on **July 12, 2011 at 3:00 P.M.**.  Counsel for plaintiff shall initiate the telephone call.

2.  Pretrial factual discovery is hereby extended to **July 29, 2011.**  All pretrial discovery shall be concluded by that date.  All discovery motions and applications pursuant to L. Civ. R.

37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

3. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

4. All affirmative expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) shall be served upon counsel not later than **July 29, 2011.** All rebuttal expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) shall be served upon counsel not later than **August 26, 2011.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

The parties shall reserve their rights to conduct depositions of proposed expert witnesses until after the arbitration process or by leave of the Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

5. **Dispositive Motions**. The parties shall reserve their rights to file dispositive motions until after the arbitration process or by leave of the Court to be sought via conference call application.

6. **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1 The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in **August 2011.**

7. **Joint Final Pretrial Order.** If counsel petitions for a trial de novo after arbitration, the date for submission of the Joint Final Pretrial Order will be scheduled and the date for trial will be set.

8. **Extensions of Time.** Any requests for extensions for any date must be made by formal motion demonstrating good cause for such extension and must be received by the Court prior to the expiration of such deadline set forth in this Order. Notwithstanding such formal motion, there will be no extensions of any of the deadlines set forth herein except for good cause shown and by leave of Court even if consented to by all parties.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**


s/ Ann Marie Donio
ANN MARIE DONIO
United States Magistrate Judge

cc:  Hon. Renée Marie Bumb
     James Quinlan, Arbitration Clerk